02-11-542-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00542-CR

 


 
 
 Billy Richard Renfro, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
  
 
 


----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Billy Richard Renfro, Jr. attempts to appeal his January 2011 conviction and life
sentence for murder.  We dismiss for want of jurisdiction.

On October
17, 2011, Appellant filed in the trial court a pro se notice of appeal and a
pro se “Motion for Permission to File Direct Appeal Under the Texas Rules of
Appellant [sic] Procedures, Rule 25.2(A)(2)(B).”  Concerned that we did not
have jurisdiction over Appellant’s attempted appeal, we informed Appellant and
his counsel by letter on December 8, 2011, that this appeal was subject to
dismissal unless Appellant or any party showed grounds for continuing the
appeal on or before December 19, 2011.  Appellant and his counsel responded,
but the responses do not show grounds on which this court may rely for continuing
this appeal.

Jurisdiction
is vested in this court by a timely filed notice of appeal.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996).  A defendant’s notice of appeal is timely if
filed within thirty days after sentence is imposed or suspended in open court,
or after the day the trial court enters an appealable order, or within ninety
days after the day sentence is imposed or suspended in open court if the
defendant timely files a motion for new trial.  Tex. R. App. P. 26.2.  Because
Appellant’s notice of appeal was not timely filed, it does not invoke this
court’s jurisdiction.  Furthermore, this court does not have authority to grant
an out-of-time appeal.  See Slaton, 981 S.W.2d at 210 (reasoning that if
an appeal is not timely perfected, a court of appeals has no jurisdiction to
address the merits of the appeal and can take no action other than to dismiss
it).  Accordingly, we deny Appellant’s motion as moot and dismiss this appeal
for want of jurisdiction.  See Tex. R. App. P. 26.2(a); 43.2(f); Olivo,
918 S.W.2d at 523.

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 29,
2011









[1]See Tex. R. App. P. 47.4.